IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No.  11-cr-00191-LTB

UNITED STATES OF AMERICA,

   Plaintiff,
v.

NASER KUSEH KALANI YAZD,

   Defendant.
_____

ORDER
_____

   Before me is an Unopposed Motion to Declare Case Complex-Request for a Trial Setting Consistent with the Ends of Justice filed by Defendant, Naser Kuseh Kalani Yazd, on May 12, 2011.  [**Doc # 27**] For the reasons stated on the record in court on May 24, 2011, I GRANT the motion and, as such, declare this case complex pursuant to 18 U.S.C. § 3161(h)(7).

   On May 5, 2011, the Grand Jury indicted Defendant on:  [1] one count of Health Care Fraud and Aiding and Abetting same in violation of 18 U.S.C. § 1347 and 2; [2] twelve counts of Causing False Representations in Relation to Federal Health Care Programs and Aiding and Abetting same in violation of 42 U.S.C. § 1320a-7b(3); and [3] eighteen counts of Making False Statements Relating to Healthcare Matters and Aiding and Abetting same in violation of 18 U.S.C. § 1035.  In addition, the Grand Jury alleged forfeiture pursuant to 18 U.S.C. § 982(a)(7) and (a)(1).

   In his motion, Defendant contends that the ends of justice would be served by not setting a trial date to commence within 70 days from the date of the indictment, pursuant to 18 U.S.C. § 3161(c), in that a trial within 70 days would be impracticable consistent with *U.S. v. Toombs*,

574 F.3d 1262 (10th Cir. 2009). The motion is unopposed by the Government, and I agree that granting the motion would be consistent with the ends of justice in that declaring the case complex outweighs the best interest of the public and Defendant in a speedy trial.

Under 18 U.S.C. § 3161(h)(7), I should exclude a period of delay from the 70-day speedy trial period if I find the ends of justice served by delaying the trial. Pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), I am to consider "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."

First, Defendant is alleged to have defrauded the Colorado and Federal Medicare Program which, in and of itself deems the matter complex. In addition, it is represented to me that the discovery in this case consists of 9 computer discs of materials, the first two of which contains 73,511 pages of documents, which involve "numerous technical issues and nuances."

For these reasons, I am satisfied that the case is complex under 18 U.S.C. § 3161(h)(7)(B)(ii) and, as such, I GRANT Defendant's Unopposed Motion to Declare Case Complex-Request for a Trial Setting Consistent with the Ends of Justice. [**Doc # 27**]

Dated: May   25  , 2011.

                                      BY THE COURT:

                                        s/Lewis T. Babcock  
                                      LEWIS T. BABCOCK, JUDGE